UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAMELA ANN BEARD,

        Plaintiff,

v.                                        Case No:   6:20-cv-2332-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

## MEMORANDUM OF DECISION[1]

Pamela Ann Beard ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits. Doc. No. 1. Claimant raises three arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed for an award of benefits. Doc. No. 32, at 14, 18, 20, 26–29. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. *Id.* at 29–31. For the reasons stated herein, the Commissioner's final decision is

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 24, 28–29.

**REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.     PROCEDURAL HISTORY.

This case arises from Claimant's application for disability insurance benefits, filed on October 18, 2010, and alleging a disability onset date of April 29, 2005.  *See* R. 115–23, 234.  Claimant last met the insured status requirements of the Social Security Act on December 31, 2006.  *See* R. 16, 1534.

Claimant's application for benefits was denied initially and on reconsideration, and Claimant requested a hearing before an ALJ.  R. 62–64, 66–67, 69–71.  On February 6, 2012, a hearing was held before the ALJ.  R. 27–42.  Following the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.  R. 14–20.  In that decision, the ALJ concluded that Claimant suffered from the severe impairments of anxiety and low back pain, but that Claimant was capable was performing a range of light work.  R. 16, 18.  The Appeals Council denied Claimant's request for review.  R. 1–7.  Claimant appealed that decision to this Court.  *See Pamela Ann Beard v. Comm'r of Soc. Sec.*, No. 6:13-cv-965-Orl-22KRS, Doc. No. 1 (M.D. Fla. June 21, 2013).   On June 26, 2014, the Court reversed and remanded the case for further administrative proceedings.  R. 743–54.  The Appeals Council thereafter remanded the matter to the ALJ.  R. 755–57.

A second administrative hearing was conducted on June 14, 2016.  R. 697–740, 1122–65.  On July 28, 2016, the ALJ issued another unfavorable decision finding that Claimant was not disabled.  R. 678–87, 1091–1100.  In that decision, the ALJ found that although Claimant suffered from the severe impairments of migraine headaches, history of back pain, osteoarthritis, and anxiety during the relevant period, she was capable of performing a range of light work.  R. 680, 682.  Claimant again sought review in this Court.  *See Pamela Ann Beard v. Comm'r of Soc. Sec.*, No. 6:16-cv-1706-Orl-37KRS, Doc. No. 1 (M.D. Fla. Sept. 28, 2016).  On June 12, 2017, pursuant to an unopposed motion to remand, the Court reversed and remanded the matter for further administrative proceedings.  *See id.* at Doc. Nos. 21–23; R. 1112–13.  On October 30, 2017, the Appeals Council remanded the matter to the ALJ.  R. 1114–21.

A third administrative hearing was held on August 23, 2018.  R. 1047–87.  Following the hearing, on January 11, 2019, the ALJ issued another unfavorable decision finding that Claimant was not disabled.  R. 1025–36.  The ALJ found that although Claimant suffered from the severe impairments of migraine headaches, history of back pain, osteoarthritis, and anxiety, Claimant could perform a reduced range of light work.  R. 1028–29.  Claimant again sought review in this Court.  *See Pamela Ann Beard v. Comm'r of Soc. Sec.*, No. 6:19-cv-626-LHP, Doc. No. 1 (M.D. Fla. April 1, 2019).  On July 14, 2020, the Court once again reversed and remanded the

matter for further administrative proceedings. *See id.* at Doc. No. 19. The Appeals Council remanded the matter to a different ALJ to "take any further action needed to complete the administrative record and issue a new decision." R. 1643–45.

On remand, the ALJ held a fourth administrative hearing. R. 1550–76. After the hearing, on October 20, 2020, the ALJ issued an unfavorable decision finding that Claimant was not disabled during the relevant period. R. 1532–38. In so finding, the ALJ concluded that Claimant suffered from no medically determinable impairment. R. 1534. Claimant now seeks review of the October 20, 2020 decision in this Court. Doc. No. 1.[2]

## II.    THE ALJ'S OCTOBER 20, 2020 DECISION.[3]

In the October 20, 2020 decision under review, the ALJ noted that Claimant last met the insured status requirements of the Social Security Act on December 31, 2006. R. 1534. The ALJ also found that Claimant did not engage in substantial gainful activity from the April 29, 2005 alleged onset date through the date last

---

[2] *See also* 20 C.F.R. § 404.984(a) ("[W]hen a case is remanded by a Federal court for further consideration and the Appeals Council remands the case to an administrative law judge, or an administrative appeals judge issues a decision pursuant to § 404.983(c), the decision of the administrative law judge or administrative appeals judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case.").

[3] Upon a review of the record, counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum. Doc. No. 32. Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

insured. *Id.* But, at step two of the sequential evaluation process,[4] the ALJ concluded that through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. *Id.* In so concluding, the ALJ analyzed: (1) Claimant's subjective complaints (Exhibits 4E, 14E, 15E); (2) examination records from Dr. Zafar Sharar, a treating physician (Exhibits 2F, 3F); (3) examination records from Dr. Jayadevan Kundumadathil, a treating internist (Exhibit 7F); (4) records of state agency consultants (Exhibits 9F, 10F, 12F); (5) October 6, 2020 hearing testimony of Dr. Joseph R. Gaeta and Dr. Joseph Carver, medical experts who reviewed the record; (6) a medical opinion from Dr. Kundumadathil (Exhibit 42F); (7) a 2015 medical opinion from Dr. Richard Gayles, a treating physician (Exhibit 37F); (8) a 2018 medical opinion from Dr. Arthur Kalman, a treating physician (Exhibit 54F); and (9) a third-party statement from Claimant's husband (Exhibit 36E). R. 1535–37.

---

[4] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

Based on this evidence, the ALJ concluded that Claimant's "allegations are not a medically determinable impairment due to a lack of objective evidence," and that "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured." R. 1537. Thus, the ALJ concluded that Claimant was not under a disability from her alleged onset date (April 29, 2005) through the date last insured (December 31, 2006). *Id.*

### III.   STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).  The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d

1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.   ANALYSIS.**

In the Joint Memorandum, which I have reviewed, Claimant raises three (3) assignments of error as it relates to the ALJ's October 20, 2020 decision:   (1) the ALJ erred in failing to mention or weigh the opinion of Dr. Murray Gilman, a medical expert who testified at the June 14, 2016 administrative hearing; (2) the ALJ erred in failing to mention or weigh the opinion of Dr. Olga M. Garcia, a medical consultant; and (3) the ALJ failed to apply the correct legal standards to Claimant's subjective complaints of pain.   Doc. No. 32.

Because the ALJ's analysis in the October 20, 2020 decision ended at step two of the evaluation process, each of Claimant's arguments must be viewed through that lens.   As mentioned above, the five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the

claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See* 20 C.F.R. § 404.1545. Regarding step two of the sequential evaluation process:

> Step two is a threshold inquiry that "allows only claims based on the most trivial impairments to be rejected." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). It thus "acts as a filter" to weed out claims where there are no substantial impairments at all. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). To show a "severe" impairment, a claimant must show "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see id.* §§ 404.1521(b), 416.921(b) (defining the ability to perform basic work activities as "the abilities and aptitudes necessary to do most jobs," examples of which including walking, standing, sitting, and responding appropriately to usual work situations). "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see McDaniel*, 800 F.2d at 1031 (describing the claimant's burden to show a severe impairment as "mild"). If any impairment or combination of impairments . . . qualifies as "severe," step two is satisfied and the claim advances to step three. *Jamison*, 814 F.2d at 588.

*Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853 (11th Cir. 2013).[5] Thus, the threshold severity determination in step two is de minimis. *See Stratton v. Bowen*, 827 F.2d 1447, 1452 (11th Cir. 1987).

At step two, the ALJ must discuss the weight afforded to the medical

---

[5] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

evidence of record in determining the severity of a claimant's impairments. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) (concluding that the Commissioner erred at step two of the sequential evaluation process by "focusing upon one aspect of the evidence and ignoring other parts of the record" which precluded the court from "properly find[ing] that the administrative decision is supported by substantial evidence"); *Luckey v. Astrue*, 331 F. App'x 634, 639 (11th Cir. 2009) ("Our present inquiry concerns the second step of the sequential evaluation process—whether Luckey carried her burden of proving that she has a severe impairment or combination of impairments and whether the ALJ stated, with adequate specificity, 'the weight [he] accorded each item of evidence and the reasons for his decision.'" (quoting *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986))).

Here, the Court will first address Claimant's arguments concerning the ALJ's failure to mention or weigh the medical opinions of Dr. Gilman and Dr. Garcia at step two. Doc. No. 32.

Dr. Gilman is board certified in internal and pulmonary medicine, and was in active clinical practice from 1980 through 2015. R. 709–10 (Transcript of June 14, 2016 administrative hearing). Dr. Gilman performs consultations for Social Security Disability. R. 710. Dr. Gilman testified at the June 14, 2016 administrative hearing as a medical expert, and opined, based on his review of the

record, as to Claimant's disability during the relevant time period—April 29, 2005 through December 31, 2006. R. 711. Dr. Gilman opined that during the relevant period, Claimant's medical impairments included history of back pain, secondary to degenerative disc disease, migraine headaches, osteoarthritis, and anxiety. R. 711–12. Dr. Gilman opined that although Claimant's impairments did not meet or equal a listed impairment during that time, Claimant:

> would be limited to light work activity, less than 20 pounds occasionally, 10 pounds frequently, standing or walking up to six hours in an eight hour workday, she'd be able to six hours (sic.) in an eight hour workday, she would not have been able to work at any excessive heights, such as ladders or scaffolds.

*Id.*

Dr. Garcia is a medical consultant who performed a disability determination on February 26, 2011. R. 493–500 (Exhibit 14F). Dr. Garcia essentially opined that, during the relevant time period, Claimant could perform a full range of medium work as defined in the Social Security regulations, in that Claimant could occasionally lift/carry 50 pounds; frequently lift/carry 25 pounds; stand/walk about 6 hours in an 8-hour workday; and sit for approximately 6 hours in an 8-hour workday. R. 494–95.[6] Dr. Garcia stated that Claimant's primary diagnosis was lower back pain, secondary to headaches. R. 493. Dr. Garcia further wrote that:

---

[6] Pursuant to the Social Security regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the SSA] determine[s] that he or she can also

> The symptoms in my judgment appear credible and attributable to a medical determinable impairment that will result in some limitation of residual function. The severity of the symptoms is generally consistent with the total MER and no medical evidence, ADLs and statements. This RFC is reduced to reflect the work capacity that is obtainable given the medical condition.

R. 498.

In the Joint Memorandum, Claimant correctly points out that the ALJ did not mention either Dr. Gilman or Dr. Garcia in the October 20, 2022 decision. Doc. No. 32, at 14–15, 18–20. *See* R. 1532–38. Claimant contends that the ALJ's failure to do so "was clearly prejudicial to [her] claim" because at step two of the sequential evaluation process, the ALJ found that "[t]hrough the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." Doc. No. 32, at 15.

In response, the Commissioner appears to concede that the ALJ should have considered and weighed these medical opinions in the October 20, 2020 decision. *Id.* at 16–18, 20. *See also Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (stating that an ALJ's failure to weigh medical opinions at step two is procedural error); *Evans v. Comm'r of Soc. Sec.*, No. 6:15-cv-1998-Orl-40DCI, 2016 WL 7674868, at *7 (M.D. Fla. Dec. 19, 2016), *report and recommendation adopted*, 2017 WL 88978 (M.D. Fla. Jan. 10, 2017) ("The weighing of treating, examining, and non-examining

---

do medium, light, and sedentary work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

physician's opinions is an integral part of steps two, three, four, and five of the sequential evaluation process.").

Instead, the Commissioner argues, in conclusory fashion, that the ALJ's failure to weigh the medical opinions at step two was harmless.  *See* Doc. No. 32, at 16–20.  As it relates to Dr. Gilman, the Commissioner asserts, *in toto*, as follows:

> Given the fact that Dr. Gilman was not a treating doctor, and the ALJ's thorough discussion of the evidence, the ALJ's oversight in not discussing Dr. Gilman's opinion was harmless.  Plaintiff failed to show that she was prejudiced because the ALJ did not discuss Dr. Gilman's opinion, and remand to have the ALJ discuss Dr. Gilman's opinion would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources.  Plaintiff failed prove that her condition affected her ability to perform basic work activities, and substantial evidence supports the ALJ's determination that Plaintiff did not have a severe impairment.

Id. at 17–18 (citations omitted).  Similarly, as it relates to Dr. Garcia, the Commissioner states:

> Given the fact that Dr. Garcia was not a treating doctor, and the ALJ's discussion of the evidence, the ALJ's oversight in not discussing Dr. Garcia's opinion was harmless.  Plaintiff failed to show that she was prejudiced because the ALJ did not discuss Dr. Garcia's opinion, and remand to have the ALJ discuss Dr. Garcia's opinion would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources.  Plaintiff failed prove that her condition affected her ability to perform basic work activities, and substantial evidence supports the ALJ's determination that Plaintiff did not have a severe impairment.

*Id.* at 20 (citations omitted).

Upon consideration, the Court finds the Commissioner's conclusory assertions of harmless error unpersuasive. Given the de minimis standard for severity employed in this Circuit, *see Stratton*, 827 F.2d at 1452, the Court cannot conclude that the ALJ's failure to weigh or even mention the opinions of Drs. Gilman and Garcia was harmless, given that those opinions are in contravention to the ALJ's step two severity determination. *See, e.g.*, *Jack v. Comm'r, Soc. Sec. Admin.*, 675 F. App'x 887, 888 (11th Cir. 2017) (the ALJ's failure to properly weigh medical opinions at step two of the sequential evaluation process was reversible error); *Albers v. Comm'r of Soc. Sec.*, No. 6:15-cv-1034-Orl-GJK, 2016 WL 4162771, at *5 (M.D. Fla. Aug. 4, 2016) (finding reversible error in the ALJ's failure to properly weigh medical opinions at step two of the sequential evaluation process). Indeed, without weighing the evidence itself, the Court cannot determine what result the ALJ would have reached if he had properly weighed all of the medical evidence of record in considering the severity of Claimant's impairments. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (the court's limited review does not permit "deciding the facts anew, making credibility determinations, or re-weighing the evidence."); *McDaniel v. Bowen*, 800 F.2d 1026, 1032 (11th Cir. 1986) ("[I]t would be an affront to the administrative process if courts were to engage in direct fact finding in these Social Security disability cases.").

Given that the ALJ reversibly erred in reaching his step two determination, and that error will necessarily require reconsideration of all of the pertinent evidence of record at step two and the remaining steps as applicable, the Court declines to reach Claimant's third assignment of error. *See generally Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## V. REMEDY.

In the Joint Memorandum, Claimant requests that this matter be reversed for an award of benefits. Doc. No. 32, at 26–28. She argues that based on the Commissioner's continuous errors and the length of the pendency of her application for disability benefits, she has suffered an injustice. *Id.* Alternatively, she requests that if the matter is remanded, that the Court impose a 120-day time limit for the Commissioner to complete the administrative proceedings in this case. *Id.* at 28–29.

On the other hand, the Commissioner asserts that if the Court determines remand is necessary, the matter should be remanded for additional fact-finding, rather than an award of benefits, because Claimant has not established that she is

disabled "without any doubt."  *Id.* at 29–31 (quoting *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993)).

Upon consideration, the Court agrees with the Commissioner that the appropriate remedy is to remand this matter for further proceedings, despite the Court's prior admonitions.  *See Pamela Ann Beard v. Comm'r of Soc. Sec.*, No. 6:19-cv-626-LHP, Doc. No. 19 (M.D. Fla. April 1, 2019).

"Ordinarily, the appropriate remedy when an ALJ's final decision is not supported by substantial evidence is for a case to be remanded to the Commissioner for further fact-finding.  However, in very limited circumstances, a district court may instead remand for an immediate award of benefits."  *Gardner v. Comm'r of Soc. Sec.*, No. 6:20-cv-484-CEM-GJK, 2021 WL 7451910, at *2 (M.D. Fla. Sept. 27, 2021) (citations and quotation marks omitted).

Here, "[b]ecause the ALJ stopped its analysis at step two, the Commissioner has not yet considered the essential evidence."  *Jack*, 675 F. App'x at 890 (rejecting argument that reversal for award of benefits was warranted upon faulty step two determination, and finding that rather, remand for further administrative proceedings was appropriate).  Indeed, based upon the record before the Court, "it is not clear that the cumulative effect of the evidence establishes disability without any doubt because there is conflicting evidence about the severity" of Claimant's impairments.  *See id.  See also Gardner*, 2021 WL 7451910, at *2–3 (declining to

reverse for an award of benefits absent a finding of disability beyond doubt, and instead remanding for further proceedings); *Douglas v. Comm'r of Soc. Sec.*, No. 6:10-cv-1327-Orl-28KRS, 2011 WL 5358660, at *9 (M.D. Fla. Oct. 12, 2011), *report and recommendation adopted*, 2011 WL 5358679 (M.D. Fla. Nov. 7, 2011) (declining to reverse for an award of benefits where further development of the record and factual determinations by the ALJ were required, and where the record did not show disability without doubt).  Therefore, the Court declines to remand for an award of benefits, and will instead reverse this matter for further administrative proceedings.[7]

---

[7] The Court recognizes that some courts in this Circuit have interpreted Eleventh Circuit precedent to mean that the district court can direct an award of benefits *either* whether the essential evidence considered by the Commissioner establishes disability beyond a doubt *or* where the claimant has suffered an injustice.  *See Gardner*, 2021 WL 7451910, at *2–3 (collecting cases and discussing *Davis v. Shalala*, 985 F.2d 528 (11th Cir. 1993), and *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982)).  Other courts have explicitly held that the claimant must establish disability beyond a doubt to be entitled to an award of benefits.  *See id.*  Here, Claimant makes no argument that she is disabled beyond a doubt, instead solely relying on the length of the pendency of her application and the alleged injustice resulting therefrom.  *See* Doc. No. 32.  However, although the Court does have grave concerns about the Commissioner's adjudication of Claimant's application, given the posture of the decision under review and absent any binding authority demonstrating that the delay and errors by the ALJs in this case alone warrant an award of benefits, the Court instead finds that it is appropriate to remand this matter for further proceedings.  *See Jack*, 675 F. App'x at 890.  *See also Stewart v. Comm'r of Soc. Sec. Admin.*, 746 F. App'x 851, 855 (11th Cir. 2018) ("A court may reverse the Commissioner and award benefits *only if* the Commissioner 'has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt.'" (emphasis added) (quoting *Davis*, 985 F.2d at 534)).

Finally, as to Claimant's request that the Court impose a reasonable time limit for the Commissioner to conduct the remand proceedings, the Court finds the request well taken. *See Bond v. Comm'r of Soc. Sec.*, No. 6:13-cv-175-Orl-36DAB, 2014 WL 12618197, at *3 (M.D. Fla. Jan. 27, 2014) (distinguishing *Nowells v. Heckler*, 749 F.2d 1570 (11th Cir. 1985) and finding it permissible for the court to order the ALJ to conduct a hearing on remand within 120 days); *Wheelock v. Comm'r of Soc. Sec.*, No. 6:16-cv-860-Orl-37KRS, 2017 WL 3251567, at *1 (M.D. Fla. July 31, 2017) (ordering the ALJ to complete remand proceedings within 120 days of the remand order).

For these reasons, the Court will reverse and remand this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and require that the ALJ complete the remand proceedings within 120 days of the date of this Order. *See Bond*, 2014 WL 12618197, at *3; *Wheelock*, 2017 WL 3251567, at *1.   On remand, the Commissioner is directed to consider all pertinent evidence of record in adjudicating Claimant's application for disability benefits; hold a rehearing as necessary; and issue a new decision in accordance with this Order.

## VI. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42

U.S.C. § 405(g) and consistent with the directives of this Order.

2. The ALJ shall complete the remand proceedings within 120 days from the date of this Order.

3. The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner, and thereafter, to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on September 19, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties