**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PAMELA ANN BEARD,

        Plaintiff,

v.                                                                                          Case No:   6:20-cv-2332-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. §406(b) (Doc. No. 37)
>
> **FILED:** May 12, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I.     PROCEDURAL HISTORY.

Prior to filing the above-styled case, on November 10, 2020, Pamela Ann Beard ("Claimant") entered into a contingency fee agreement with Richard A. Culbertson Esq., for the purpose of appealing Defendant, the Commissioner of Social Security's, denial of her claim for benefits under the Social Security Act. Doc. No. 37-1.   In the event the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Culbertson a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded. *Id.*

On December 21, 2020, Claimant filed a complaint alleging that the Commissioner had improperly denied her claims for disability insurance benefits. Doc. No. 1.   Claimant's case has a lengthy history, but in sum, this case constitutes Claimant's fourth appeal from the denial of her application for disability insurance benefits, filed on October 18, 2010.   *Id.   See also* Doc. No. 33.   On September 19, 2022, the Court issued a Memorandum of Decision once again reversing the Commissioner's decision and remanding the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. No. 33.   Judgment was entered accordingly the following day.   Doc. No. 34.

Thereafter, Attorney Culbertson filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Doc. No. 35.  In the motion, Attorney Culbertson stated that he and his law firm spent 20.6 hours in this appeal.  *Id.* at 2, 6, 11–12.  The Court granted the motion in relevant part, and awarded a total of $4,478.68 in attorney's fees under the EAJA.  Doc. No. 36.  In the three prior related cases filed in this Court, Plaintiff was also awarded an additional $10,306.92 in EAJA fees, for 53 hours of work performed by her counsel collectively in those cases.  *See* No. 6:13-cv-965-ACC-KRS, No. 6:16-cv-1706-RBD-KRS, and No. 6:19-cv-626-LHP.  Thus, to date, Plaintiff has been awarded a total of $14,785.60 in EAJA fees.

On remand of this matter, the Commissioner determined that Claimant was entitled to disability benefits.  Doc. No. 37-2.  The Commissioner awarded Claimant past-due benefits in the total amount of $201,174.32.  *Id.* at 4.[1]

Attorney Culbertson has now filed a motion seeking authorization to collect a total of $35,507.98 in attorney's fees from Claimant pursuant to 42 U.S.C. § 406(b).

---

[1] The award letter does not state the total amount of past-due benefits, but states that the SSA withheld twenty-five percent of the past due benefits to pay any approved attorney's fee, in the amount of $50,293.58.  Doc. No. 37-2, at 4.  Twenty-five percent of $201,174.32 equates to $50,293.58.

Doc. Nos. 37, 39.[2]    The Commissioner does not oppose the motion.    Doc. No. 37, at 3.    The matter is ripe for review.

## II.    APPLICABLE LAW.

Attorney Culbertson seeks attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[3]    The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection

---

[2] Attorney Culbertson voluntarily reduces the amount of fees he seeks to recover by the total amount of EAJA fees awarded in this case and prior related cases, although he states that arguably only the EAJA fees payable in the current appeal are covered under the current fee agreement.    Doc. Nos. 37, 39.    Thus, the $35,507.98 figure is calculated by taking 25% of the total past-due benefits awarded ($50,293.58) and subtracting all of the EAJA funds previously awarded ($14,785.60).    This complies with governing law.    *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) (if court awards both EAJA and § 406(b) fees, attorney must refund to claimant the amount of the smaller fee, and may effectuate such refund by deducting the amount of the EAJA award from the § 406(b) request).

[3] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the twenty-five percent limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).    In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the twenty-five percent

with proceedings before a court any amount in excess of that allowed by the court. *Id.* § 406(b)(2). Consequently, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id.* at 1277. Thus, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover his attorney's fees for the work he performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits. *Id.*

The reasonableness of attorney's fees under § 406(b) depends upon whether the claimant agreed to pay the attorney an hourly rate or a contingency fee. In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, a court cannot rely solely upon the existence

---

limit on the amount of fees that could be awarded from past-due benefits. *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970). Accordingly, here, the Court need not consider any § 406(a) fees awarded to Claimant's attorney at the administrative level.

of a contingency fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002). Rather, a court must review the contingency fee agreement as an independent check to assure that it yields a reasonable result in each particular case. *Id*.

In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings. *See id*. at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005). The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

### III.   ANALYSIS.

Attorney Culbertson represented Claimant before this Court. Doc. No. 1. *See also* No. 6:13-cv-965-ACC-KRS, No. 6:16-cv-1706-RBD-KRS, and No. 6:19-cv-626-LHP. In the most recent appeal, the case was remanded to the Commissioner, who found that Claimant was disabled and, as a result, awarded her a total of $201,174.32

in past-due benefits. Doc. No. 37-2. Thus, Attorney Culbertson is entitled to an award of attorney's fees under § 406(b). *See Bergen*, 454 F.3d at 1271.

Attorney Culbertson is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded to Claimant, *i.e.*, $50,293.58. *See* 42 U.S.C. § 406(b)(1)(A); Doc. No. 37-2, at 4. As discussed above, Attorney Culbertson has voluntarily agreed to reduce the fees sought in this case by the EAJA awards in all of the prior cases filed by Claimant related to this appeal, and thus, reduces his fee request to $35,507.98. *See* Doc. No. 39. *See also Jackson*, 601 F.3d at 1271.

Upon consideration, the Court finds the amount Attorney Culbertson requests in § 406(b) fees reasonable. First, Claimant entered into a contingency fee agreement, in which she agreed to pay Attorney Culbertson a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded. Doc. No. 37-1. The presence of the contingency-fee agreement favors a finding that the requested amount is reasonable. *See Wells*, 907 F.2d at 371. Second, Attorney Culbertson has spent approximately 73.6 hours representing Claimant in this Court. *See* Doc. No. 35. *See also* No. 6:13-cv-965-ACC-KRS, No. 6:16-cv-1706-RBD-KRS, and No. 6:19-cv-626-LHP. As a result of the work of counsel, Claimant was successful on remand of this matter. Doc. No. 37-2. Third, there is no evidence that Attorney Culbertson caused any delays in this case. And finally, Attorney Culbertson undertook significant risk of non-payment by taking this case on a

contingency basis after the Commissioner denied Claimant's request for disability benefits.

Under these circumstances, and absent any objection, the Court finds that Attorney Culbertson's request for $35,507.98 under § 406(b) is reasonable in this case.

## IV. CONCLUSION.

For the reasons stated herein, it is **ORDERED** that:

1. Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 37) is **GRANTED**.

2. Attorney Culbertson is authorized to charge and collect from Claimant a total of $35,507.98 under § 406(b).

**DONE** and **ORDERED** in Orlando, Florida on May 30, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties